# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTIRCT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BRANDON MCDONALD, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ENCORE 3 MLM USA, LLC, AND | ) | |
| TODD SPENCER, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANTS. | ) | |
| _____ | ) | |

## **COMPLAINT**

NOW COMES Plaintiff, Brandon McDonald, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as his Complaint in this matter:

**I.   JURISDICTION AND VENUE**

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the

laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Encore 3 MLM USA, LLC ("Encore"), is a Domestic Limited Liability Company organized and existing under the State laws of Georgia, with a principal place of business of 205 Hembree Park Drive, Roswell, Georgia 30076.

4.

Service of process for Encore can be effectuated through its registered agent, H. Grady Thrasher, 5 Concourse Parkway, Suite 2600, Atlanta, Georgia 30328.

5.

Based upon Plaintiff's information and belief, Defendant, Jeffrey Todd Spencer ("Spencer"), is an adult resident citizen of Fulton County, Georgia.

6.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II. PARTIES

7.

Plaintiff, Brandon McDonald, is an adult resident citizen of Gwinnett County, Georgia.

8.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

9.

At all times relevant, Defendants employed the Plaintiff to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiff within this District.

10.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

11.

Defendant Encore lists its principal office address as 205 Hembree Park Drive, Roswell, Georgia 30076. Upon information and belief, Defendant Encore is a domestic limited liability company conducting business within the State of Georgia and within this district.

12.

Defendant Spencer is a resident of Fulton County, Georgia.

13.

Defendant's describes its business as and online retail store services featuring homeopathic preparations and supplements, cosmetic, beauty and skin care products, electronic and technology products and accessories, housewares, furniture, appliances, cleaning products, pet care products, toys, games and snacks.

14.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

15.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

16.

Defendants directed Plaintiff to individually engage in interstate commerce.

17.

Plaintiff, as part of his job duties, regularly engaged in interstate commerce.

18.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

## III. FACTUAL ALLEGATIONS

19.

Plaintiff is an adult resident of the State of Georgia. Plaintiff was first employed by the Defendants from on or about March 8, 2015 as the Director of Customer Operations.

20.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

21.

Upon information and belief, Defendants classified Plaintiff as a fulltime exempt employee, compensating him on a salary basis.

22.

Plaintiff was initially compensated on a salary basis of of $6,250 per month and then increased to $8,000 per month beginning in October 2015.

23.

In or around April 2016, the Defendants began experiencing what was categorized by Spencer as delayed capital funding payments from its owners.

24.

The "delayed payments" resulted in the Company failing to pay Plaintiff his salary on the Defendants' regularly scheduled payroll dates.

25.

The Defendants' failure to pay Plaintiff his salary resulted in a failure to compensate him for the hours suffered.

26.

At the direction of the Defendants, Plaintiff continued to perform labor for the benefit of the Defendants without compensation.

27.

During times relevant and with the Defendants' knowledge, Plaintiff also fronted the Defendants' payroll from his own funds to ensure that its other employees received some compensation for the labor they performed. Plaintiff was never reimbursed for this payment.

28.

Defendants continually advised Plaintiff that payment would be forthcoming, but the Defendants failed to ensure that Plaintiff was timely compensated.

29.

It appears that in or around August 2016, the Defendants, through Spencer, advised the Plaintiff that the Defendants would no longer be operating.

30.

On October 21, 2016 with no response from Spencer regarding his back wages, Plaintiff reached out to Raúl Brú ("Brú") and Jose Manuel ("Manuel"), the Defendants' financial backers, to get resolution from them regarding the unpaid wages. Likewise Brú and Manuel promised payment was forthcoming but again was never made.

31.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for the hours suffered on (including those minimum wages) on their regular paydays.

32.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

33.

Defendants have failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

34.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

35.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

36.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages.

37.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay as required by law.

38.

Upon information and belief, Defendants have negligently, intentionally and repeatedly failed to pay minimum wages and wages when due.

39.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

40.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

41.

Defendants have not made a good faith effort to comply with the FLSA.

42.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

43.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

**IV.  COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY WAGES**

44.

Plaintiff incorporate by reference paragraphs 1 – 43 as if full set forth herein.

45.

Plaintiff as an exempt employee of the Defendants was entitled to be paid for all hours worked.

46.

The Defendants have willfully failed to compensate Plaintiff for all hours suffered during his employment, including paying Plaintiff his wages (including those minimum wages) on their regular paydays.

47.

Defendants, by such failure, have willfully violated the wage provisions of the FLSA.

48.

Defendants through such a failure to pay wages and minimum wages on time is an unlawful act under the FLSA and have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

## V. COUNT TWO: CLAIMS FOR BREACH OF CONTRACT

49.

Plaintiff incorporate by reference paragraphs 1 – 48 as if full set forth herein.

50.

Defendants promised to pay and were contractually obligated to pay, Plaintiff wages.

51.

Plaintiff complied with all conditions precedent and performed his obligations under the contract, Defendants breached the contract as described herein and failed to pay wages due to Plaintiff.

52.

As a result, Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Damages for Breach of Contract;

B. Prejudgment interest as allowed by law;

C. Reasonable attorneys' fees and expenses of litigation; and

D. Such other legal relief including to which he may be entitled.

Respectfully submitted, this 25th day of May, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295